IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Timothy Green,

Plaintiff,

Vs.

Christine Mary Livingston, Cpt.,

Defendant.

Civil Action No. 1:25-cv-2631-CMC

**ORDER**

This matter is before the court on Plaintiff's Motion for Default Judgment.  Dkt. No. 22. Through his Amended Complaint, Plaintiff alleges his constitutional rights were violated. Dkt. No. 5.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.[1]

On Marh 25, 2026. Plaintiff filed a request for entry of default. Dkt. No. 19. Clerk's Entry of Default was entered the same date. Dkt. No. 20. On April 8, 2026, Plaintiff filed a Motion for Default Judgment as to Defendant Christine Mary Livingston. Dkt. No. 22.[2]  On April 28, 2026, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending Plaintiff's Motion for Default Judgment be denied for failure to properly serve Defendant.  Dkt. No. 24. The Report further recommended if Plaintiff provided good cause for the failure to properly serve, the district judge could extend the time for service for an appropriate period. *Id.* at 8.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and

---

[1] As of June 4, 2016, the case was reassigned to Magistrate Judge Thomas E. Rogers, III. Dkt. No. 28.

[2] A previously named Defendant, South Carolina Department of Corrections, was dismissed on July 11, 2025. Dkt. No. 12.

the serious consequences if he failed to do so.  Plaintiff timely filed objections and also filed a summons returned executed. Dkt. Nos. 25, 26.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  See 28 U.S.C. § 636(b).  The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Plaintiff responded to the Report, acknowledging the record prior to issuance of the Report did not contain sufficient proof of proper service upon Defendant. Dkt. No. 26 at 1. He "clarified" the service attempts, noting service was executed "on or about May 19, 2025" and attaching documentation to that effect. See Dkt. No. 26-1 at 2 (affidavit of service). He also filed the Summons returned executed with affidavit of service. Dkt. No. 25.

Although there remains no explanation for Plaintiff's previous assertions service was effected on June 11, 2025 (see Dkt. No. 22 at ¶ 1), it appears Plaintiff has shown proper service was made on May 19, 2025. The affidavit of service is signed under penalty of perjury by server

2

Tiffany Porterfield, who avers she left the summons at Defendant's residence with Kelvin Amalar on May 19, 2025 at 7:06pm. Dkt. No. 25-1.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's objections, the court finds proper service has been effected based on documentation submitted after the Report was filed. The court, therefore, adopts in part the reasoning of the Report as supplemented with the additional information. However, it appears Plaintiff's Motion for Default Judgment contains incorrect information about service of process, as it asserts process was accomplished July 11, 2025. Plaintiff's Motion for Default Judgment (Dkt. No. 22) is denied without prejudice to re-filing with corrected information. This matter is re-referred to the Magistrate Judge for further pre-trial proceedings, including any amended Motion for Default Judgment Plaintiff may file.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 7, 2026

3